# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0351V

|  |  |
|---|---|
| BRANDON POZIL,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 30, 2024 |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 8, 2021, Brandon Pozil filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a syncopal episode resulting in severe facial trauma after receiving the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on September 8, 2018. Petition at 1, ¶¶ 2-3, 12. On August 2, 2023, I issued a decision awarding damages to Petitioner, following damages briefing by the parties. ECF No. 38.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $44,490.96 as follows:

1. $41,268.86 (representing $40,369.50 for fees and $899.36 for costs) for Petitioner's counsel's current law firm, Turning Point Litigation;
2. $1,585.00 (representing $1,582.00 for fees and $3.00 for costs) for Petitioner's counsel's prior law firm, Black Ward Law; and
3. $1,637.10 (representing $1,637.10 for fees) for her prior Petitioner's counsel, Kate Westad while at her former law firm (Larkin Hoffman Law Firm).

Petitioner's Motion for Fees and Costs filed Jan. 25, 2024, ECF No. 44 at 1; ECF No. 44-2 at 2; ECF No. 44-4 at 2-3. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 44-5.

Respondent reacted to the motion on January 26, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 45. The same day, Petitioner filed a reply stating that Petitioner "concurs with Respondent's recommendation." ECF No. 46.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed.

2

Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed by Attorney Nancy Meyers and paralegals through the end of 2023 are reasonable and consistent with our prior determinations and will therefore be adopted. Petitioner also requests the hourly rate of $430 for work performed by Attorney Leslie Cooper Harrell in 2022. ECF No. 45-1. I find this hourly rate to be reasonable.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed Oct. 27, 2022, ECF No. 34 (reporting an impasse in damages discussions); Petitioner's Damages Brief, filed Dec. 14, 2022, ECF No. 36; Petitioner's Reply in Further Support of Damages, filed Dec. 30, 2022, ECF No. 37. Petitioner's counsel expended approximately 31.1 hours drafting the damages brief and 21.6 hours drafting the reply brief, totaling 52.7[3] hours. ECF No. 44-1 at 11-13.

My above calculation does not include time spent preparing the initial demand which would have informed this later work, and I am therefore awarding fees associated with that task in full. *See,* e.g., 44-1 at 6 (entry dated 4/21/22 regarding 1.1 hours of work). Nor am I counting time spent communicating with Petitioner and preparing additional

---

[3] This total is calculated as follows: 1.1 hours billed on 12/8/22 and 12/21/22 billed by Nancy Meyers at a rate of $460; and 51.6 hours billed on 10/28/22, 11/21/22, 11/30/22, 12/4/22, 12/5/22, 12/6/22, 12/7/22, 12/8/22, 12/14/22, 12/15/22, 12/18/22, 12/19/22, 12/20/22, and 12/21/22 billed by Cooper Harrell at a rate of $430.

supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 44-1 at 12 (entry dated 11/8/22).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are not complex. I have identified numerous cases (which do not involve the same injury but may reasonably be compared to time spent in this matter),[4] in which attorneys have accomplished this task in about half the time.[5] *See,* e.g., *Staffaroni v. Sec'y of Health & Hum. Servs.*, No. 21-1951V (Nov. 2, 2023) (19.2 and 5.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Granville v. Sec'y of Health & Hum. Servs.*, No. 21-2098V (Oct. 25, 2023) (16.4 and 6.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Schenck v. Sec'y of Health & Hum. Servs.*, No. 21-1768V (Oct. 20, 2023) (8.0 and 3.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Weil v. Sec'y of Health & Hum. Servs.*, No. 21-0831V (Oct. 20, 2023) (14.5 and 1.5 hours billed for drafting a damages brief and reviewing Respondent's responsive damages brief, respectively); *Hernandez v. Sec'y of Health & Hum. Servs.,* No. 21-1572V (July 21, 2023) (14.7 hours billed for drafting a damages brief); *Miles v. Sec'y of Health & Hum. Servs.*, No. 20-146V (July 20, 2023) (16.4 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Merchant v. Sec'y of Health & Hum. Servs.,* No. 20-0450V (July 12, 2023) (15.5 and 2.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.60 and 3.80 hours billed for drafting a damages brief and responsive damages brief, respectively); *Elenteny v. Sec'y of Health & Hum. Servs.*, No. 19-1972V (May 31, 2023) (16.7 hours billed for drafting a damages brief); *Miller v. Sec'y of Health & Hum. Servs.,* No. 21-1559V (May 30, 2023) (17.5 and 4.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting a damages brief); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1

---

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[5] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited March 24, 2024).

hours billed for drafting a damages brief and responsive damages brief, respectively); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 4, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively).

The circumstances of this case did not warrant devoting so much time to the damages briefing. The primary area of dispute involved the appropriate amount of compensation for Petitioner's past pain and suffering. *See Pozil v. Sec'y of Health & Hum. Servs.,* No. 21-0351V, 2023 WL 7106486, at *4 (Fed. Cl. Spec. Mstr. Aug. 2, 2023). The parties' views differed by $30,000.00 - Petitioner sought $155,000.00, and Respondent countered with $125,000.00. *Id.* at *5. I ultimately awarded an amount slightly closer to that proposed by Petitioner ($145,000.00), but only by $5,000.00. However, the amount of hours expended still were excessive.

Of course, having prevailed in this case, a fees award is generally appropriate. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 52.7 hours, or $22,694.00)** by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[6] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $6,808.20.[7]**

## ATTORNEY COSTS

Petitioner requests $902.36 in overall costs. ECF No. 44-1 at 15-24; ECF No. 44-2 at 2; ECF No. 44-3. She has provided receipts for all but expenses of $2.71 for postage and $301.27 for legal research. *Id.* I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

---

[6] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[7] This amount is calculated as follows: 1.1 hrs. x $460 x .30 + 51.6 hrs. x $430 x .30 = $6,934.08.

5

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$37,682.76 (representing $36,780.40 for fees and $902.36 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel's current law firm, Turning Point Litigation.[8]** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

                **s/Brian H. Corcoran**
                Brian H. Corcoran
                Chief Special Master

---

[8] Petitioner's counsel represents that she will ensure the proper funds are paid to Snyder Law and Ward Black Law. ECF No. 44 at 2.

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.